On Motion for Rehearing
PER CURIAM.
Appellant, in her motion for rehearing, argues that this court overlooked the standard for harmless error delineated in Special v. Baux, 79 So.3d 755, 771 (Fla. 4th DCA 2011), rev. granted sub nom. Special v. W. Boca Med. Ctr., 90 So.3d 273 (Fla.2012); see also Intramed, Inc. v. Guider, 93 So.3d 503 (Fla. 4th DCA 2012). We deny Appellant’s motion for rehearing en banc and for certification to the Florida Supreme Court, but grant her motion for rehearing to clarify that we, in fact, considered the Special standard when we stated “[u]pon review of the entire record on appeal, we do not find that ‘the “totality of all errors and improprieties” are “pervasive enough to raise doubts as to the overall fairness of the trial court proceedings.”’” Whitney v. Milien, 125 So.3d 817, 818 (Fla. 4th DCA 2013) (quoting Bocher v. Glass, 874 So.2d 701, 704 (Fla. 1st DCA 2004)). We reviewed the entire record and did not find any impropriety which affected the trial to such an extent as to deny Appellant a fair trial. See *820 Intramed, Inc., 93 So.3d at 505. Therefore, Appellee met his burden by demonstrating that “it is more likely than not that the error[s] did not influence the trier of fact and thereby contribute to the verdict.” Special, 79 So.3d at 771.
POLEN, CONNER, JJ., and KEYSER, JANIS BRUSTARES, Associate Judge, concur.